```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
ORIX FINANCIAL SERVICES, INC.
formerly known as
ORIX CREDIT ALLIANCE, INC.                 AFFIRMATION IN SUPPORT
                    Plaintiff,
         - against -                       05 CV 9348 (LTS)

DELENO MAX HARPER

                    Defendant.
-----------------------------------x
```

   WILLIAM M. STEIN, an attorney duly licensed to practice law in this court, deposes and says under penalty of perjury:

1. I am an attorney at law of the State of New York and am the attorney for plaintiff in the above-entitled action. I am familiar with all the facts and circumstances in this action.

2. I make this affirmation, in support of Plaintiff's application for the entry of a default judgment against Defendant. If called as a witness I would testify competently as to the facts set forth herein.

3. This is an action to recover monies owed by Defendant to Plaintiff as specifically described in the Complaint and the Affidavit of Yvonne Kalpakoff in support of the Motion for Default Judgement. The Defendant is not an infant, in the military, nor an incompetent person.

4. This action was commenced by the filing of a Complaint and the issuance of Summons on November 3, 2005, a copy of said Summons and Complaint having been served upon the Defendant DELENO MAX HARPER on November 11, 2005, by service upon Thomas Lionelli an officer of C-A Credit Corp., Defendant's designated

agent for service of process in New York pursuant to agreement signed by Defendant, copy attached to the Complaint, and proof of such service having been filed in the Office of the Clerk, more than twenty (20) days has expired since the last service of the Summons and Complaint.  The Summons reflected the docket number and the date of issuance of same of November 3, 2005.

5.  Defendant DELENO MAX HARPER has failed to file and serve an answer, a motion, or otherwise appear in this action.

6.  Defendant DELENO MAX HARPER was sent via regular mail to 2073 FORT DALE ROAD, GREENVILLE, AL 36037 with the motion for default judgment, returnable February 21,2006.          .

7.  This action seeks judgment for the liquidated amount of $348,319.10 which is justly due and owing, and no part of which has been paid to date.

8.  The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

9. It is respectfully submitted that in accordance with the holding in Orix Financial Services,Inc. v Eric Clark Brewer, 2004 U.S. Dist. LEXIS 15335 an inquest hearing is not necessary in light of the defendant's default and "... OFS" well-pleaded allegations concerning issues other than damages must be accepted as true."  The court further held that "..,the Court need not hold a hearing as long as (i) it has determined the proper rule for calculating on the claim and (ii) the plaintiff;'s evidence establishes with reasonable certainty, the basis for damages specified in the default judgment." It is your affirmant's belief that the documents submitted with this application fulfill these

requirements to allow entry of judgment.

10. It is the plaintiff's position that it is entitled to receive interest after default and acceleration at the rate of 1/15th of 1% per day. The Promissory Note entered into by the defendant on August 14, 2000 provides that

> ".......after maturity of each installment or the maturity of this Promissory Note or acceleration of the indebtedness evidenced hereby, at a rate of interest equal to 1/15th of 1% per day until this Promissory Note is paid in full....."

11. In the case of Bloom v. Trepmao Construction Corp., 29 A.D. 2d 951 (2nd dept. 1968) the court had occasion to determine whether an interest rate after default at 2% per month was improper or whether it was in compliance with New York State law. The court held that a rate of 2% per month after maturity was a valid and enforceable provision. The court cited the case of Union Estates Co. v. Adlon Construction Co., 221 NY 183 in support of this holding.

12. The court will note that the requested rate of 1/15th of 1% per day is in essence the mathematical equivalent of a rate of 2% per month, thus is in conformance with the holding in Bloom.

13. In the case of Orix Credit Alliance v. Queen City Transportation, Inc. 00 CV.2778 (2001); 2001 U.S. Dist.Lexis 749 the Honorable Naomi Reice Buchwald granted plaintiff's Motion for Summary Judgment. The plaintiff requested a liquidated balance due plus interest at the rate of 1/15th of 1% per diem as provided for in the Note. The court granted the plaintiff's Motion and awarded the default interest rate at 1/15th of 1% per

diem.

14.  It is therefore respectfully submitted that the plaintiff's request is in accordance with New York State law.

WHEREFORE, Plaintiff requests the entry of Default and the entry of the Judgment against the Defendant.

Dated:  Haverstraw, New York
        February 7,2006

                                        Stein & Stein

                                         S/
                                        William M. Stein (WS-6263)
                                        Attorneys for Plaintiff
                                        One Railroad Square
                                        Haverstraw, New York 10927
                                        (845)429-3900

rd9838wmsaffirm