ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIX FINANCIAL SERVICES, INC.,

    Plaintiff,

-v-

No. 05 Civ. 9348 (LTS)(DCF)

DELENO HARPER,

    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/26/06

LAURA TAYLOR SWAIN, United States District Judge

## MEMORANDUM OPINION AND ORDER

On November 3, 2005, Plaintiff Orix Financial Services, Inc. ("Plaintiff" or "Orix"), formerly known as Orix Credit Alliance, Inc., filed the above-captioned action against Defendant Deleno Harper ("Defendant" or "Harper"), for money owed pursuant to a promissory note entered into between the parties for the purchase of commercial farming equipment. Plaintiff now moves under Rule 55 of the Federal Rules of Civil Procedure for the Court to enter a default judgment against Defendant and an award of judgment in the total amount of $348,319.10. For the following reasons, Plaintiff's motion for default is granted and the Court shall enter judgment against Defendant for the total amount requested.

## BACKGROUND

Plaintiff alleges that Harper entered into a promissory note ("Note") for $286,884.00 with Orix Credit Alliance, Inc. on August 14, 2000, in addition to a security agreement for mortgage on goods and chattel, and a delivery/installation certificate for certain commercial equipment. (Aff. of Yvonne Kalpakoff ¶¶ 5-7.) On September 26, 2000, Orix Credit

Copies mailed to Def. & faxed to Pl. Atty.
Chambers of Judge Swain 4-25-06

Alliance changed its name of record to Orix Financial Services, at which time Orix succeeded to all of Orix Credit Alliance, Inc.'s rights under the Note and agreements Harper signed. (Id. ¶ 8.) Pursuant to the terms of the Note, Harper was required to pay a certain amount on the first of every month, beginning on August 1, 2001. (Id. ¶ 9.) He failed to make any of the payments due. (Id.) Orix repossessed the equipment and sold it on October 18, 2002. (Id. ¶¶ 11-12.) Orix applied the amount from the sale as a credit to Harper's account. (Id. ¶ 13.)

Orix served the summons and complaint on Defendant on November 11, 2005. Harper has not filed an answer to the complaint and the time for him to do so has expired. Harper has yet to appear in the action. On January 30, 2006, the Court issued an Order allowing Plaintiff to file the instant motion for default judgment. Defendant filed its motion, with proof of service, on February 7, 2006. Plaintiff has not responded to date.

## DISCUSSION

In deciding a motion for default judgment, the Court must consider the following three factors: (1) "whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02 Civ. 9044(LTS)(GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). The Court finds that all three factors weigh in favor of granting Plaintiff's request for default judgment.

Defendant's non-appearance in the action and his failure to respond to the complaint and the instant motion practice indicate willful conduct. Further, the Court is unable to determine whether Harper has a meritorious defense to Plaintiff's allegations because Harper

has presented no such defense to the Court. Thus, Orix's allegations are deemed admitted. See Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir.1995). Finally, denying Plaintiff's motion would be unfairly prejudicial to Orix because Harper has failed to respond or appear. Pursuant to Rule 55(a), the Court may enter default due to this failure. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.") Accordingly, Plaintiff's motion for default judgment is granted.

Plaintiff's motion is accompanied by an affidavit and copies of contractual documentation supporting its request for the entry of judgment in the amount of $348,319.10. Judgment shall be entered accordingly. The initial pre-trial conference in this matter, currently scheduled for April 28, 2006, is hereby cancelled.

SO ORDERED.

Dated: New York, New York
April 25, 2006

_____
LAURA TAYLOR SWAIN
United States District Judge